# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## SPARTANBURG DIVISION

| | | |
|---|---|---|
| DONALD NEWELL, | ) | |
| | ) | |
| *Plaintiff,* | ) | Civil Case No.: |
| | ) | |
| -v- | ) | |
| | ) | **COMPLAINT** |
| JASON B. JOHNSON and | ) | |
| DOS HIJAS TRUCKING, LLC, | ) | |
| | ) | |
| *Defendants.* | ) | |

Plaintiff Donald Newell, by and through his undersigned attorneys, complains of Defendants and alleges as follows:

### Parties, Venue, and Jurisdiction

1.      Plaintiff Donald Newell ("Plaintiff") was injured in the crash that is the subject of this action (the "Crash"). At all relevant times, Plaintiff has been a citizen of the State of South Carolina and is a resident of Blacksburg, Cherokee County, South Carolina.

2.      Defendant Jason B. Johnson ("Defendant Johnson") was driving the vehicle that crashed into Plaintiff and caused Plaintiff's injuries. Upon information and belief, Defendant Johnson is a citizen of the State of Georgia and a resident of Atlanta, Fulton County, Georgia.

3.      Upon information and belief, Defendant Dos Hijas Trucking, LLC ("Defendant Dos Hijas") is Texas Domestic Limited Liability Company located at 904 Pine Street, Floresville, Texas. Upon information and belief, all members of Defendant Dos Hijas are citizens of the State of Texas.

4.      Defendant Dos Hijas was an Interstate motor carrier, registered under DOT Number 3318104.

5.      Defendants Johnson and Dos Hijas were operating a vehicle with a combined gross vehicle weight rating greater than 26,001 pounds in interstate commerce.

6.      Defendants' operations were subject to regulation by the Federal Motor Carrier Safety Administration.

7.      At all times relevant to this action, Defendant Johnson was an agent, servant, and/or employee of Defendant Dos Hijas, individually or jointly.

8.      At all times relevant to this Complaint, Defendant Dos Hijas's agents, servants, and/or employees acted in the course and scope of their employment with Defendants.

9.      The Spartanburg Division is proper because at the time this cause of action arose, the acts and omissions giving rise to this cause of action took place in Cherokee County, as further shown below.

10.      This Court has personal jurisdiction over the Defendants because Defendant Dos Hijas was, at the time this cause of action arose, doing business in South Carolina through its agent Defendant Johnson, and this cause of action relates to and arises out of Defendant Dos Hijas's contacts with South Carolina, as further shown below.

11.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332 because (1) Plaintiff is a citizen and resident of South Carolina while Defendants are citizens and residents of Georgia and Texas such that there is complete diversity between every plaintiff and every defendant, and (2) the amount in controversy exceeds $75,000.00 due to Plaintiff's serious injuries.

## **FACTUAL ALLEGATIONS**

12.      Plaintiff adopts, realleges and incorporates the allegations contained in the preceding paragraphs.

13.     On or about September 16, 2022, Defendant Johnson was driving a commercial vehicle (VIN 1FUJGLDV3JLHJ9889) southbound on Interstate 85 in Blacksburg, Cherokee County, South Carolina.

14.     Ahead of Defendant Johnson, Plaintiff was the passenger in a pickup truck.

15.     As the pickup truck Plaintiff was riding in slowed for traffic, Defendant Johnson smashed into the back of the pickup truck Plaintiff was riding in.

16.     Due to the Crash, Plaintiff suffered serious injuries and is undergoing medical treatment.

## COUNT I
(Negligence *per se* as to Defendant Johnson)

17.     Plaintiff adopts, realleges and incorporates the allegations contained in the preceding paragraphs.

18.     Defendant Johnson owed Plaintiff statutory duties to operate his vehicle reasonably and safely to not cause injury to Plaintiff.

19.     Defendant Johnson failed to exercise due care to avoid crashing into Plaintiff.

20.     Defendant Johnson breached his duty to Plaintiff by failing to exercise due care to avoid crashing into the rear of the vehicle in which Plaintiff was an occupant.

21.     Defendant Johnson's violation of his statutory duties constitutes negligence *per se*.

22.     Defendant Johnson's breach of his statutory duties, as described above, is not only negligence *per se*, but is also evidence of recklessness, willfulness, and wantonness sufficient to entitle Plaintiff to both compensatory and punitive damages.

23.     Defendant Johnson's violations of his statutory duties caused Plaintiff's damages, including but not limited to the following:

a.     Significant past and future medical expenses;

      b.    Lost income and reduced earning capacity;
      c.    Emotional distress and anxiety;
      d.    Mental anguish;
      e.    Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being; and
      f.    Other damages as will be shown in the discovery and trial of this case.

24.    Because Plaintiff was injured as a direct result of Defendant Johnson's violations of his statutory duties described above, Plaintiff is entitled to actual and compensatory damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

25.    Defendant Johnson' statutory violations demonstrate such wanton disregard for the health, rights, and safety of Plaintiff, and should thus pay punitive damages in the amount the jury determines appropriate to punish Defendant Johnson for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Johnson violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines he is entitled.

## COUNT II
(Negligence as to Defendant Johnson)

26.    Plaintiff adopts, realleges, and incorporates the allegations contained in the preceding paragraphs.

27.    Defendant Johnson owed Plaintiff a common-law duty to do the following:

      a.  Keep a proper lookout;
      b.  Maintain appropriate attention on the road while driving;
      c.  Maintain his vehicle in a roadworthy manner;
      d.  Yield the right of way to Plaintiff;
      e.  Apply his brakes to timely stop his vehicle;
      f.  Operate his vehicle in a safe manner and at a safe speed; and
      g.  Drive reasonably carefully with respect for the rights and safety of others such as Plaintiff.

28.    Defendant Johnson breached his duty to Plaintiff in the following ways:

    a.  Failing to keep a proper lookout;
    b.  Driving while distracted;
    c.  Failing to slow when traffic ahead of him was slowing and stopping;
    d.  Failing to apply his brakes and stop in a timely manner;
    e.  Crashing into Plaintiff instead of steering around or away from her;
    f.  Failing to yield the right of way to Plaintiff;
    g.  Operating his vehicle in an unsafe manner or at an unsafe speed, or
    h.  Driving unreasonably and carelessly without thought for the rights and safety of others, including Plaintiff, as shall be further shown in the discovery and trial of this case.

29.    Defendant Johnson's breach described above was not only negligent, but also grossly negligent, careless, reckless, willful, and wanton.

30.    Defendant Johnson's negligence, gross negligence, carelessness, recklessness, willfulness, and wanton breach of duty directly and proximately caused Plaintiff serious injuries, as well as Plaintiff's outstanding medical bills. As a direct result of Defendant Johnson's negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness, Plaintiff has suffered or will suffer the following damages:

    a.  Significant past and future medical expenses,
    b.  Lost income and reduced earning capacity,
    c.  Personal property damage,
    d.  Emotional distress and anxiety,
    e.  Mental anguish,
    f.  Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being, and
    g.  Other damages as will be shown in the discovery and trial of this case.

31.    Because Plaintiff was injured as a direct result of Defendant Johnson's acts and omissions described above, Plaintiff is entitled to actual and compensatory damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

32.    Defendant Johnson's acts and omissions demonstrate such want of care as to show Defendant Johnson was consciously indifferent both to the consequences of his acts and omissions

and to the health, safety, and rights of Plaintiff and others. Thus, in addition to Plaintiff's compensatory damages, Defendant Dos Hijas and Defendant Johnson should also pay punitive damages in the amount the jury determines appropriate to punish Defendant Johnson for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Johnson violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines he is entitled.

## COUNT III
(Vicarious Liability as to Defendant Dos Hijas)

31.     Plaintiff adopts, incorporates, and realleges the allegations of the preceding paragraphs.

32.     At the time of the crash that is the subject of this lawsuit, Defendant Johnson acted in the scope of his employment on behalf of Defendant Dos Hijas.

33.     Defendant Dos Hijas, thus acting through its agent, servant, and employee Defendant Johnson, is vicariously liable for Defendant Johnson's negligent, careless, reckless, wanton, willful, and grossly negligent acts as outlined in the first and second causes of action.

34.     Plaintiff asks this Court to enter judgment ordering Defendant Dos Hijas to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

## COUNT IV
(Negligent Hiring, Training, Supervision, and Retention as to Defendant Dos Hijas)

35.     Plaintiff adopts, incorporates and realleges the allegations contained in the preceding paragraphs.

36.    Defendant Dos Hijas was negligent, careless, reckless, wanton, willful, and grossly negligent in hiring, training, supervising, or retaining Defendant Johnson to operate a vehicle on Defendant Dos Hijas' behalf in one or more of the following ways:

    a.   Failing to review Defendant Johnson's driving history;

    b.   Failing to assess Defendant Johnson's driving skill;

    c.   Hiring Defendant Johnson to drive on Defendant Dos Hijas' behalf despite Defendant Johnson's history of unsafe driving;

    d.   Failing to have policies and procedures to train or monitor Defendant Johnson, or if such policies and procedures were in place, failing to enforce them;

    e.   Failing to ensure Defendant Johnson had proper training and experience to operate a vehicle for Defendant Dos Hijas safely and effectively; and

    f.   Otherwise failing to investigate Defendant Johnson's skill and history with a commercial motor vehicle, train Defendant Johnson in proper driving procedures, supervise Defendant Johnson's driving, failing to release Defendant Johnson from employment due to safety issues, or otherwise act as a reasonable employer would under the same or similar circumstances.

37.    Based on Defendant Johnson's unsafe driving history, Defendant Dos Hijas knew or should have known that hiring, training, supervising, or retaining Defendant Johnson posed a risk of foreseeable harm to third parties.

38.    Plaintiff asks this Court to enter judgment ordering Defendant Dos Hijas to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

**WHEREFORE**, Plaintiff asks this Court to award him actual, compensatory, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines he is entitled to, and such other relief as this Court determines is just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

**MORGAN & MORGAN P.A.**

*/s/ James G. Biggart II*
JAMES G. BIGGART II, ESQ.
Federal ID:     14195
COOPER KLAASMEYER, ESQ.
Federal Id:     14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax:     (843) 947-6113
jbiggart@forthepeople.com
biggartlitigation@forthepeople.com
**Attorneys for the Plaintiff**

May 19, 2025
Charleston, South Carolina