# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### SPARTANBURG DIVISION

| | |
|---|---|
| Donald Newell | ) Civil Action No.: 7:25-CV-4228-DCC |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ANSWER OF THE DEFENDANTS |
| JASON B. JOHNSON and DOS HIJAS TRUCKING, LLC. | ) |
| | ) |
| Defendant. | ) |

**COMES NOW,** the Defendants, Jason B. Johnson and Dos Hijas Trucking, LLC, by and through its undersigned attorneys, answering the Complaint of the Plaintiff, would allege and show unto the Court:

### FOR A FIRST DEFENSE

1. Each and every allegation of the Plaintiff's Complaint not specifically admitted herein is denied.

2. Defendants deny the allegations of paragraph 2.

3. Defendants admit that Dos Hijas is not a citizen of the State of South Carolina. Defendants lack sufficient information to form a belief as to the remaining allegations of Paragraph 3 and thereby deny the same.

4. Defendant lacks sufficient information to form a belief as to the allegations of paragraphs 4-10 and thereby deny the same.

5.     As it relates to Paragraph 11, Defendants admit that diversity jurisdiction exists. Defendant lacks sufficient information to form a belief as to the other allegations of Paragraph 11 and thereby denies the same.

6.     Defendants lack sufficient information to form a belief as to the allegations of paragraphs 12-14 and thereby deny the same.

7.     Defendants deny the allegations of paragraphs 15-38 (including all subparts) and thereby deny the same.

8.     Defendants deny the Plaintiff's prayer for relief.

**FOR A SECOND DEFENSE**
**(Failure to State Claim)**

9.     Defendants would show that the Plaintiff's Complaint fails to state a claim upon which relief can be granted, and, therefore should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**FOR A THIRD DEFENSE**
**(Comparative Negligence)**

10.     Defendants would show that such injuries or losses that Plaintiff sustained, if any, were due to and caused by the sole negligence, gross negligence, willfulness, wantonness, carelessness and recklessness of the Plaintiff, combining, concurring and contributing with the negligence, if any, on the part of Defendants, to such a degree that Plaintiff's recovery is barred by the doctrine of comparative negligence in South Carolina.

**FOR A FOURTH DEFENSE**
**(Sudden Emergency)**

11.     Even assuming Defendants were negligent in any respect, which is expressly denied, these Defendants would show that the Plaintiff's injuries or losses were the result of and reaction to

a sudden emergency over which Defendants had no control and, therefore, Plaintiff's action is barred.

### FOR A FIFTH DEFENSE
### (Assumption of the Risk)

12. Defendants would show that the Plaintiff knew of the probable risk of injury or harm resulting from Plaintiff's actions, and therefore, Defendants would plead the doctrine of assumption of the risk as a complete bar to this action.

### FOR A SIXTH DEFENSE
### (Unavoidable Accident)

13. Defendants would show that such injuries or losses that the Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, were not due to or caused by the negligence on the part of Defendants, but was rather due to and caused by an unavoidable accident, thereby barring any claim whatsoever.

### FOR A SEVENTH DEFENSE
### (Intervening or Superseding Negligence)

14. Defendants would show that such injuries or losses that Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, were not due to or caused by any negligence on the part of Defendants, but were rather due to and caused by the contributing, concurring, intervening or superseding fault, breach of warranty or act or omission of a third party, over which Defendants had no control.

### FOR AN EIGHTH DEFENSE
### (Waiver and Estoppel)

15. Defendants would show that Plaintiff's Complaint is barred by the doctrine of waiver and estoppel.

### FOR A NINTH DEFENSE
### (Statute of Limitations)

16. Defendants would show that this action is barred by the applicable Statute of Limitations.

## FOR A TENTH DEFENSE
(Spoliation)

17. Defendants would show that Plaintiff's Complaint is barred by the doctrine of spoliation.

## FOR AN ELEVENTH DEFENSE
(Improper Venue)

18. Defendants plead the defense of improper venue.

## FOR A TWELFTH DEFENSE
(Punitive Damages)

19. Defendants alleges that the Plaintiff's claim for punitive damages violates both the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of any meaningful standard and is inconsistent with due process guarantees.

20. Defendants alleges that the Plaintiff's claim for punitive damages violates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 3 of the South Carolina Constitution because, even if it could be argued the standard governing the imposition of punitive damages exists, the standard would be void due to vagueness.

21. Defendants alleges that the Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of these Defendants.

22. Defendants alleges that the Plaintiff's claim of punitive damages violates the doctrine of separation of powers and Article I, Section 3 of the South Carolina Constitution because punitive damages are a creation of the Judicial Branch of government which invades the province of the Legislative Branch of government.

23. Defendants would show, upon information and belief, that the Plaintiff's claim for punitive Damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that Defendants could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because Defendants can be compelled to give testimony against itself in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Plaintiff's claim for punitive damages violates Defendants' right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills Defendants' exercise of that right; the Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed; the Plaintiff's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the Plaintiff's claim for punitive damages should be dismissed.

24. Defendants pleads all applicable statutory caps on punitive damages, including but not limited to the caps described in S.C. Code Ann. § 15-32-530, *et seq*., as amended.

**FOR A THIRTEENTH DEFENSE**
**(Rule 12(b)(4) – insufficient process)**

25. Defendants would show that the Plaintiff's Complaint is barred by insufficient process.

### FOR A FOURTEENTH DEFENSE
(Rule 12(b)(5) – insufficient service of process)

26. Defendants would show that the Plaintiff's Complaint is barred by insufficient service of process.

**WHEREFORE**, having fully answered, Defendants prays that the Plaintiff's Complaint be dismissed with costs, for attorney's fees and such other and further relief this Court deems just and proper.

The Defendants demand a jury trial.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/Adam M. Crain
Mark S. Barrow, Federal ID No. 1220
Adam M. Crain, Federal ID No. 13355
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233

**ATTORNEYS FOR DEFENDANTS**

Columbia, South Carolina

July 14, 2025