## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

## SPARTANBURG DIVISION

| | | |
|---|---|---|
| DONALD NEWELL , | ) | Case No.: 7:25-cv-4228-DCC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **JOINT RULE 26.03 ANSWERS** |
| JASON B. JOHNSON and DOS HIJAS | ) | |
| TRUCKING, LLC., | ) | |
| | ) | |
| Defendants. | ) | |

The parties hereby submit the following hereby submit the following Local Rule 26.03 Answers of the United States District Court for the District of South Carolina:

### LOCAL CIV. RULE 26.03 (D.S.C.) DISCLOSURES

**1. Short statement of the facts of this case.**

This is a transportation liability case. The Plaintiff alleges that the Defendant driver is responsible for a motor vehicle accident which occurred on September 16th, 2022. The Plaintiff alleges negligence on the part of Jason B. Johnson and vicarious liability against Dos Hijas Trucking LLC., related to the collision.

**2. Names of fact witnesses likely to be called and a brief summary of their expected testimony.**

DEFENDANT'S RESPONSE:

Defendant reserve the right to call any and all witnesses identified during discovery. Additionally, as discovery is in its early stages, the Defendant specifically reserves the right to name additional witnesses identified during discovery in this matter and to call any witness at trial listed by any party to this action.

Defendant anticipates that witnesses may include the Plaintiff, Donald Newell, the Defendant, Jason B. Johnson, the responding officer to the scene of the collision, the driver

of the truck which the Plaintiff alleges to have been a passenger, Christopher Airington. It is possible that corporate representatives of the driver's company will also be called to testify.

PLAINTIFF'S RESPONSE:

Plaintiff's anticipated witnesses include the Plaintiff, Donald Newell, the Defendant, Jason B. Johnson, the investigating officer, the driver of the pickup truck in which Plaintiff was riding, Christopher Airington, and representatives of Dos Hijas Trucking, LLC.

Additionally, Plaintiff anticipates calling some or all of Plaintiffs treating doctors as disclosed in Plaintiff's 26(a)(1) disclosures.

**3.  The names and subject matter of expert witnesses.**

DEFENDANT'S RESPONSE:

Defendant has not yet determined what expert(s) may be needed for trial in this matter and will provide this information, once known, in accordance with the Conference and Scheduling Order. The parties reserve the right to name witnesses discovered during discovery and to call at the trial of this case any witness, whether fact or expert, listed by any party. The parties anticipate that the subject matter of these experts will be in the areas of trucking safety, relevant medical fields, and/or damages.

PLAINTIFF'S RESPONSE

Plaintiff has not retained any experts expected to testify at this time. Plaintiff expects to call Plaintiff's treating doctors to testify under Rule 26(a)(2)(C), Federal Rules of Civil Procedure. Additionally, Plaintiff anticipates calling expert witnesses to testify about the medical causation of Plaintiff's injuries, permanency of Plaintiff's injuries, and the necessity of future medical care.

**4.  A summary of the claims or defenses with statutory and/or case citations supporting the same.**

Failure to State a Claim: A complaint filed in federal court "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662,678 (2009).

Comparative Negligence: "In Nelson, this Court stated that, under comparative negligence 'a plaintiff in a negligence action may recover damages if his or her negligence is not greater than that of the defendant.'" Berberich v. Jack, 392 S.C. 278, 286, 709 S.E.2d 607, 611 (2011) (citations omitted)

Intervening and Superseding Negligence: "To exculpate a negligent defendant, the intervening cause must be one which breaks the sequence or causal connection between the

defendant's negligence and the injury alleged." Matthews v. Porter, 239 S.C. 620, 628, 124 S.E.2d 321, 325 (1962)

Assumption of Risk: "The trial court may declare the plaintiff assumed the risk as a matter of law where it clearly appears that the plaintiff freely and voluntarily exposed himself to a known danger and understood and appreciated the danger." Humphrey v. Day & Zimmerman Int'l, Inc., 997 F. Supp. 2d 388, 397 (D.S.C. 2014) (citations omitted).

Sudden Emergency: "An 'emergency' is a sudden or unexpected happening or occasion calling for immediate action. All the authority agree that the presence of danger must be imminent, leaving no time for deliberation." *Horton Motor Lines v. Currie*, 92 F.2d 164 (4th Cir. 1937).

Unavoidable Accident: "An unavoidable accident defense simply attacks the causation element of negligence, asserting that the element is completely lacking." *Wood v. Fanslau*, 2018 WL 5617943, *6 (October 29, 2018); "A defendant cannot be held liable for what is called a mere accident or unavoidable accident, which may be defined as an occurrence not proximately…caused by…any negligence or willfulness on the part of any person." *Collins v. Thomas,* 135 S.E.2d 754, 754 (S.C. 1964).

Failure to Mitigate Damages: "A party who claims damages should have been minimized has the burden of proving they could reasonably have been avoided or reduced." *Tri-Continental Leasing Corp. v. Stevens, Stevens & Thomas, P.A.* 287 S.C. 338, 342, 338 S.E.2d 343, 346 (Ct. App. 1985)

Waiver and Estoppel: A waiver constitutes a voluntary and intentional abandonment or relinquishment of a known right. *Continental Cas. Co. v. Jones*, 2012 WL 530002 at *3 (D.S.C. 2012). Generally, the party claiming waiver must show that the party against whom waiver is asserted possessed, at the time, actual or constructive knowledge of his rights or of all the material facts upon which they depended. *Id*. Waiver and estoppel cannot expand insurance coverage. *Id*. (citing *Campbell, Inc. v. N. Ins. Co. of N.Y.*, 337 F. Supp.2d 764, 769 (D.S.C. 2004)).

Spoliation: Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). The right to impose sanctions for spoliation arises from a court's inherent power to control the judicial process and litigation. *Id*. The trial court has discretion to pursue a wide range of responses both for the purpose of leveling the evidentiary playing field and for the purpose of sanctioning the improper conduct. *Id*.


PLAINTIFF'S RESPONSE:

Negligence *Per Se*: "Negligence per se is established by showing a statute created a duty to the plaintiff and the defendant breached that duty by violating the statute." *Seals by*

*Causey v. Winburn*, 314 S.C. 416, 445 S.E.2d 94 (Ct. App. 1994) (citing *Whitlaw v. Kroger Co.*, 306 S.C. 51, 410 S.E.2d 251 (1991)).

Negligence: "To recover on a claim for negligence, a plaintiff 'must show (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach.'" *Carolina Chloride, Inc. v. Richland Cnty.,* 394 S.C. 154, 714 S.E.2d 869 (2011) (citations omitted).

Vicarious Liability/Respondeat Superior: "The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Sams v. Arthur*, 135 S.C. 123, 133 S.E. 205 (1926)).

Negligent Hiring, Training, Supervision, and Retention: "In circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring, supervising, or training the employee, or that the employer acted negligently in entrusting its employee with a tool that created an unreasonable risk of harm to the public." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Degenhart v. Knights of Columbus*, 309 S.C. 114, 420 S.E.2d 495 (1992)).

**5. Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.)**

A proposed amended scheduling order is being provided to the Court.

**6. Any special circumstances that would affect the time frames applies in preparing the scheduling order.**

No special circumstances.

The parties do not consent to litigate this case in front of a federal magistrate court judge.

**7. The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civ Rule 16.01) or otherwise requested by the assigned judge.**

None.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**


s/Adam M. Crain
Mark S. Barrow Fed. I.D. No. 1220
msb@swblaw.com
Adam M. Crain Fed. I.D. No. 13355
amc@swblaw.com
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233

**ATTORNEYS FOR THE DEFENDANTS**


**MORGAN & MORGAN, P.A.**

/s/ Cooper Klaasmeyer
JAMES G. BIGGART II, ESQ.
Federal ID:    14195
COOPER KLAASMEYER, ESQ.
Federal ID:    14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC, 29405
Telephone:    (843) 973-5186
Fax:               (843) 973-5208
Biggartlitigation@forthepeople.com
Cooper.klaasmeyer@forthepeople.com
**Attorneys for the Plaintiff**


**ATTORNEY'S FOR THE PLAINTIFF**


Columbia, South Carolina

September 25, 2025