## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

## SPARTANBURG DIVISION

| | | |
|---|---|---|
| **Donald Newell ,** | ) | **Case No.:  7:25-cv-4228-DCC** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **DEFENDANTS' RULE 25(a)** |
| | ) | **MOTION TO DISMISS** |
| **JASON B. JOHNSON and DOS HIJAS** | ) | |
| **TRUCKING, LLC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMES NOW**, Defendants Jason B. Johnson and Dos Hijas Trucking, LLC respectfully moves for an Order dismissing this case with prejudice according to Rule 25(a) of the Federal Rules of Civil Procedure. As of June 11, 2026, no Motion for Substitution of Parties has been made and the 90-day allotment to file such motions has passed. Counsel certifies that he has attempted to make contact with counsel to consult regarding this motion, but has not heard back. Nonetheless, there is no duty to consult on a Motion to Dismiss per Local Rule 7.02.

## FACTS RELEVANT TO THE MOTION

This case was originally filed on May 19, 2025 by Donald Newell against Jason B. Johnson and Dos Hijas Trucking, LLC (Dkt. 1). After a timely-filed Answer, discovery commenced. On October 27, 2025, Mr. Newell died. On March 2, 2026 a Suggestion of Death was filed by Mr. Newell's counsel, which indicated that the attorney who had filed the suit on behalf of Mr. Newell was now "in communication with the family of the Decedent, and is working to set up an estate to be substituted as the Plaintiff." Dkt. 15. Since that time, no Motion for Substitution has been filed by any Estate. Ninety days has elapsed since March 2, 2026.

## LAW

Rule 25(a) of the Federal Rules of Civil Procedure states:

*If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.* Rule 25(a), Fed. R. Civ. P.

## ARGUMENT

It is appropriate to dismiss this matter with prejudice due to the fact that no Motion for Substitution has been filed in this case to allow the family of Mr. Newell to proceed in this action. Rule 25(a) provides no leeway for delay. Indeed, the rule states that "if the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must* be dismissed. Here, the deadline to substitute parties was Sunday, May 31, 2026. It is now June 11, 2026 and no such Motion to Substitute Parties has been filed.

## CONCLUSION

Given the fact that 90 days has elapsed since the Suggestion of Death was filed, the family of Mr. Newell was made aware of the suit and had the advice of counsel (per the written Suggestion of Death), yet no motion for substitution of counsel was ever made, the Defendants respectfully request that the matter be DISMISSED WITH PREJUDICE.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**


s/Adam M. Crain
Mark S. Barrow Fed. I.D. No. 1220
Adam M. Crain Fed. I.D. No. 13355
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233

**ATTORNEYS FOR THE DEFENDANTS**


Columbia, South Carolina

June 11, 2026