**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**SPARTANBURG DIVISION**

| | | |
|---|---|---|
| **Donald Newell ,** | ) | **Case No.: 7:25-cv-4228-DCC** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **DEFENDANTS' RULE 25(a) MOTION TO DISMISS** |
| **JASON B. JOHNSON and DOS HIJAS TRUCKING, LLC.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMES NOW**, Defendants Jason B. Johnson and Dos Hijas Trucking, LLC respectfully moves for an Order dismissing this case with prejudice according to Rule 25(a) of the Federal Rules of Civil Procedure. As of November 9, 2026, no Motion for Substitution of Parties has been made and the 90-day allotment to file such motions has passed.

## FACTS RELEVANT TO THE MOTION

This case was originally filed on May 19, 2025 by Donald Newell against Jason B. Johnson and Dos Hijas Trucking, LLC (Dkt. 1). After a timely-filed Answer, discovery commenced. On October 27, 2025, Mr. Newell died. On March 2, 2026 a Suggestion of Death was filed by Mr. Newell's counsel, which indicated that the attorney who had filed the suit on behalf of Mr. Newell was now "in communication with the family of the Decedent, and is working to set up an estate to be substituted as the Plaintiff." Dkt. 15. On June 11, 2026, Defendants filed a Motion to Dismiss according to Rule 25(a). Dkt. 19. That Motion was denied with leave to re-file on July 21, 2026. This Court concluded:

> The motion contains no information regarding Defendants' efforts to serve Plaintiff's successors or representatives. See *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961 (4th Cir. 1985) ("We hold that service on decedent's counsel alone was inadequate to commence running of the 90-day substitution period allowed by Fed.R.Civ.P. 25(a)(1)."); *Brooks v. Arthur*, No. 6:08-CV-00028, 2011 WL 1212254, at *2 (W.D. Va. Mar. 30, 2011) ("Although I acknowledge that it may ultimately prove difficult to effectuate service upon the successors or representatives of St. John, Defendants have not demonstrated to this Court's satisfaction that they have made a serious and diligent effort to locate and serve the successors or representatives of the decedent sufficient to meet their burden under Fariss.
>
> See Dkt. 21.

Thereafter, on August 7, 2026, a letter and the filed suggestion of death were served on Ms. Shannon Newell, the wife of Mr. Donald Newell at the former address of Mr. Newell. Proof of service is provided at Dkt. 22.

Ninety Days from August 7, 2026 was Thursday November 5, 2026 and as of this filing (November 9, 2026), no motion for substitution of the Plaintiff has been made.

## LAW

Rule 25(a) of the Federal Rules of Civil Procedure states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed. Rule 25(a), Fed. R. Civ. P.

## ARGUMENT

It is appropriate to dismiss this matter with prejudice due to the fact that no Motion for Substitution has been filed in this case to allow the family of Mr. Newell to proceed in this action. Rule 25(a) provides no leeway for delay. Indeed, the rule states that "if the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must* be dismissed.

As the facts set forth above, the Defendants have made substantial effort to resolve this Court's concern regarding the requirements of *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961 (4th Cir. 1985)

Here, the deadline to substitute parties was Thursday, November 5, 2026. It is now November 9, 2026 and no such Motion to Substitute Parties has been filed.

**CONCLUSION**

Given the fact that 90 days has elapsed since the Suggestion of Death was filed, the family of Mr. Newell was made aware of the suit and had the advice of counsel (per the written Suggestion of Death), the wife of Mr. Newell was personally served with the suggestion of death and a letter of explanation and yet no motion for substitution of parties was ever made, the Defendants respectfully request that the matter be DISMISSED WITH PREJUDICE.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/Adam M. Crain
Mark S. Barrow Fed. I.D. No. 1220
Adam M. Crain Fed. I.D. No. 13355
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC 29211
(803) 256-2233

**ATTORNEYS FOR THE DEFENDANTS**

Columbia, South Carolina

November 9, 2026